# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00388-CV

### Maria Martinez, Appellant

### v.

### Mario Antonio Perez Batres, Appellee

### FROM THE 483RD DISTRICT COURT OF HAYS COUNTY
### NO. 23-2772, THE HONORABLE KARL HAYS, JUDGE PRESIDING

## O R D E R  A N D  M E M O R A N D U M  O P I N I O N

**PER CURIAM**

Pending before this court is Maria Martinez's restricted appeal of a default divorce decree. Martinez requested, in writing, that the official reporter prepare the reporter's record. The request designated the exhibits to be included as "all exhibits admitted into evidence—from the proceedings of March 1, 2024, as recorded." *See* Tex. R. App. P. 34.6(b). The reporter's record reflects that at the March 1, 2024 default divorce hearing, Perez Batres offered, and the trial court admitted, twelve exhibits. At the end of the hearing, the trial court stated:

> The Court: . . . And at some point, I'm—on the record, I am releasing to you the exhibits that were presented to the Court. Do you want to—I'm assuming you have your copies. Do you want to just hold onto those and I can then dispose of what I have and you'll just retain possession of Exhibits 1 through 12–

Perez Batres's Counsel: Yes, sir.

The Court: —pending any further action that may be taken by Ms. Martinez in this matter?

Perez Batres's Counsel: Yes, sir.

The Court: All right. Then we'll do that. If there's nothing further coming before the Court with regard to Cause No. 23-2772, we will stand in adjournment with respect to the case.

The index to the reporter's record from the hearing lists the twelve exhibits but contains the notation: "The exhibits were not filed with the District Clerk and the transcriber was unable to obtain them from Attorney Art Guzman."

None of the exhibits are included in the record before us. We normally would direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items. *See* Tex. R. App. P. 34.6(d). The record before us suggests that would be a futile act. Because of the unique circumstances in this case, we abate this appeal and submit this gap in the record to the trial court for resolution.

Rule 34.6(e)(1) provides that the parties may agree to correct an inaccuracy in the reporter's record, including those related to exhibits, without the court reporter's recertification. *Id*., R. 34.6(e)(1). But here, Martinez asserts that because the trial court returned the exhibits to Perez Batres, it foreclosed "the possibility of a clean chain-of-custody over those crucial exhibits from its courtroom to this court."

Rule 34.6(e)(2) provides that if the parties cannot agree on whether or how to correct the reporter's record so that the exhibits are accurate, "the trial court must—after notice and hearing—settle the dispute." *Id*., R. 34.6(e)(2). "If the court finds any inaccuracy, it must

2

order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court." *Id*. If such certified corrections are not possible because the exhibits have been lost or destroyed, we order the trial court to make findings under Rule 34.6(f). *Id*., R. 34.6(f). Finally, if the trial court determines that original exhibits should be inspected by this Court or sent to this Court in lieu of copies, the trial court must proceed under Rule 34.6(g). *Id*., R. 34.6(g).

The findings shall be made, and any necessary supplements shall be filed within 30 days of the date of this order.

It is so ordered March 31, 2026.

Before Chief Justice Byrne, Justices Kelly and Ellis

Abated and Remanded

Filed: March 31, 2026

Do Not Publish